Jairo Enrique CHAMORRO, et al., Petitioners,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–74313.
Agency Nos. A79–101–797, A79–101–798, A79–101–799.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.**

Decided April 4, 2005.

---

2. We note that the BIA misread the record by stating in this order that "the children have learned to speak ... Tagalog."

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tim Everett, Law Office of Tim Everett, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret J. Perry, Jacqueline Dryden, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM***

Jairo Enrique Chamorro, his wife, Jeannette Patricia Rivera–Idalgo, and his daughter, Kayla Valentina Chamorro–Rivera, natives and citizens of Colombia, petition for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000). We deny the petition.

Substantial evidence supports the IJ's decision that petitioners failed to establish a well-founded fear of future persecution. Petitioners are active church members who have never been harassed or harmed. Because petitioners fail to show that a fear of future persecution is objectively reasonable, and general civil strife is insufficient to establish a well-founded fear of persecu-

*** This disposition is not appropriate for publication and may not be cited to or by the

tion, petitioners' asylum claim fails. *See Kotasz v. INS,* 31 F.3d 847, 854 (9th Cir. 1994) (holding that alien failed to establish a well-founded fear of persecution because she only showed discrimination against gypsies and did not demonstrate systematic persecution); *Rostomian,* 210 F.3d at 1089 (denying asylum because general civil strife was insufficient to establish a well-founded fear of persecution); *Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001) (stating that "[a]sylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.").

Because petitioners failed to establish eligibility for asylum, it follows that they failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

